FILED
DALLAS COUNTY
6/17/2015 9:46:36 AM
FELICIA PITRE
DISTRICT CLERK

Freeney Anita

1 CT-MAIL ATTY

CAUSE NO. DC-15-06904 _____

| | | |
|---|---|---|
| PEDRO CABRERA<br>    Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| v. | §<br>§ | |
| ALLSTATE FIRE AND CASUALTY<br>INSURANCE COMPANY<br>    Defendant. | §<br>§<br>§<br>§<br>§ | DALLAS COUNTY, TEXAS,<br><br>B-44TH<br>_____ TH JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Pedro Cabrera, or ("Plaintiff"), and files this *Plaintiff's Original Petition*, complaining of Allstate Fire and Casualty Insurance Company ("Allstate") and respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1.   Plaintiff intends for discovery to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure and request the Court enter a Level 2 Discovery Plan.

### PARTIES

2.   Plaintiff is an individual residing in Dallas County, Texas.

3.   Defendant Allstate is a domestic insurance company engaged in the business of insurance in Texas. The causes of action asserted arose from or are connected with purposeful acts committed by Defendant. Allstate may be served via its registered agent for service CT Corporation at 1999 Bryan Street, Suite 900 Dallas TX 75201.



EXHIBIT B-1

## JURISDICTION

4. The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiff is seeking monetary relief over $200,000 but not more than $1,000,000. Plaintiff reserves the right to amend their petition during and/or after the discovery process.

5. The Court has jurisdiction over Defendant Allstate because this defendant is a domestic insurance company that engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

## VENUE

6. Venue is proper in Dallas County, Texas, because the insured property is situated in Dallas County, Texas. TEX. CIV. PRAC. & REM. CODE §15.032.

## FACTS

7. Plaintiff is the owner of a Texas Homeowners' Insurance Policy (hereinafter referred to as "the Policy"), which was issued by Allstate.

8. Plaintiff owns the insured property, which is specifically located at 5036 San Marcus Drive, Mesquite, Texas, in Dallas County (hereinafter referred to as "the Property").

9. Allstate sold the Policy insuring the Property to Plaintiff.

10. On or about October 6, 2014 a hail storm and/or windstorm struck Dallas County, Texas, causing severe damage to homes and businesses throughout the area, including Plaintiff's residence ("the Storm"). Specifically, Plaintffs' roof sustained extensive damage during the storm. Plaintiff's home also sustained exterior damage during the storm, including but not limited to damage to the roof, soffits, fascia, wood siding, gutters, a/c unit, and metal

shed. Plaintiff filed a claim, in accordance with the terms of the Policy, with their insurance company, Allstate, for the damages to their home caused by the Storm.

11. Plaintiff submitted a claim to Allstate against the Policy as referenced in paragraph 7 above, for Roof Damage and Structural Damage, the Property sustained as a result of the hail storm and/or windstorm.

12. Plaintiff asked that Allstate cover the cost of repairs made necessary by the damage to the Property referenced in paragraph 10, pursuant to the Policy.

13. Defendant Allstate assigned Paul Petersen to adjust the claim. This adjuster was improperly trained and/or supervised and failed to perform a thorough investigation of Plaintiff's claim. Specifically, this adjuster conducted a substandard inspection of Plaintiff's property. The inadequacy of this adjuster's inspection is evidenced by his report, which failed to acknowledge the full extent of the storm related damage to Plaintiff's property from the October 6, 2014, wind and hail storm. Ultimately, this estimate did not allow sufficient policy benefits to cover the cost of repairs for the damages sustained. This inadequate investigation was relied upon by Allstate in this action and resulted in Plaintiff's claim being improperly denied.

14. Defendant Allstate failed to adequately train and supervise this adjuster resulting in the unreasonable investigation and improper handling of Plaintiff's claim. Moreover, Allstate failed to thoroughly review and properly oversee the work of this adjuster, ultimately approving an improper adjustment of and an inadequate, unfair settlement of Plaintiff's claim. As a result of Defendant's wrongful acts and omissions set forth above and further

described herein, Plaintiff's claims were improperly denied causing them to suffer damages.

15. Allstate misrepresented to Plaintiff that their covered hail storm and/or windstorm damages were not covered by the policy. Defendant Allstate failed to provide full coverage for the damages sustained by Plaintiff and improperly denied Plaintiff's claim. As a result of Defendant's unreasonable investigation, Plaintiff's claim was improperly adjusted and Plaintiff were not adequately compensated. The mishandling of Plaintiff's claim has also caused a delay in Plaintiff's ability to fully repair their Property, which has resulted in additional damages. To this date, Plaintiff have yet to receive the full payment they are entitled to under the Policy.

16. As detailed in the paragraphs below, Allstate wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

17. To date, Allstate continues to delay in the payment for the damages to the property. As such, Plaintiff has not been paid in full for the damages to their home.

18. Defendant Allstate failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds due under the Policy, although due demand was made for said proceeds to be paid in an amount sufficient to cover the damaged property. Allstate's conduct constitutes a breach of the insurance contract between Allstate and Plaintiff.

19. Allstate, misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Allstate's

conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

20. Allstate failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Allstate's, conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

21. Allstate refused to fully compensate Plaintiff, under the terms of the Policy, even though Allstate failed to conduct a reasonable investigation. Specifically, Allstate performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property. The conduct of Allstate constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

22. Defendant Allstate failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

23. Defendant Allstate failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Allstate's conduct

constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

24. Defendant Allstate failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff have not received full payment for their claim. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

25. From and after the time Plaintiff's claim was presented to Defendant Allstate, the liability of Allstate to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Allstate has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing.

26. Allstate knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

27. As a result of Allstate's wrongful acts and omissions, Plaintiff were forced to retain the professional services of the attorney and law firm who are representing him with respect to these causes of action.

### CAUSES OF ACTION:

28. Defendant Allstate is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

## BREACH OF CONTRACT

29. Defendant Allstate's conduct constitutes a breach of the insurance contract made between Allstate and Plaintiff.

30. Defendant Allstate's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Allstate's insurance contract with Plaintiff.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

31. Defendant Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

32. Defendant Allstate's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

33. Defendant Allstate's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Allstate's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

34. Defendant Allstate's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an

unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

35. Defendant Allstate's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

36. Defendant Allstate's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

37. Defendant Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

38. Defendant Allstate's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

39. Defendant Allstate's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

40. Defendant Allstate's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### ACTS CONSTITUTING ACTING AS AGENT

41. As referenced and described above, and further conduct throughout this litigation and lawsuit, Petersen who adjusted Plaintiff's claim is an agent of Allstate based on his acts during the handling of this claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

42. Separately, and/or in the alternative, as referenced and described above, Allstate ratified the actions and conduct of this adjuster including the completion of their duties under the common law and statutory law.

### BREACH OF THE DUTY OF GOOF FAITH AND FAIR DEALING

43. Defendant Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

44. "Good faith and fair dealing" is defined as the degree and diligence which a man of ordinary care and prudence would exercise in the management of one's own business. *Arnold v. Nat'l Mut. Fir Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987). This tort arises from Texas law, which recognizes that a special relationship exists as a result of Plaintiff's (the policyholders) and Allstate's (the insurer) unequal bargaining power. Part of this unequal bargaining power results from the fact that Allstate, like other insurers, controls entirely the evaluation, processing and denial of claims.

45. At the time of the inspection and/or investigation, upon which Allstate relied entirely for its investigation, evaluation, and settling of Plaintiff's claim, Petersen tried to wrongfully minimize Plaintiff's losses. By not accounting for the covered damages, this adjuster, and Allstate did not inspect and evaluate Plaintiff's home as if it were their own home. Allstate's investigation and evaluation was not reasonable, thus, Allstate lacked a reasonable basis for denying payment for Plaintiff's covered damages. Allstate's overall conduct in handling Plaintiff's claim was not reasonable.

46. Defendant Allstate's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Allstate knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## KNOWLEDGE

47. Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## DAMAGES

48. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

49. As previously mentioned, the damages caused by the October 6, 2014 hail storm and/or windstorm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendant Allstate's mishandling of Plaintiff's claim in violation of the laws set forth above.

50. For breach of contract, Plaintiff is entitled to regain the benefit of their bargain, which is the amount of their claim, together with attorney's fees.

51. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff ask for three times their actual damages. TEX. INS. CODE §541.152.

52. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

53. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

54. For the prosecution and collection of this claim, Plaintiff have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## REQUEST FOR DISCLOSURE

55. Under Texas Rules of Civil Procedure 194, Plaintiff hereby request Defendant Allstate disclose, within fifty (50) days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2 (a) through (l).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff pray that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiff request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they may show themselves justly entitled.

Respectfully submitted,

**ARGUELLO, HOPE & ASSOCIATES, P.L.L.C.**

By: /s/ Brandon Morris
    Brandon D. Morris
    State Bar of Texas Number: 24092860
    1110 Nasa Parkway, Suite 620
    Houston, Texas 77058
    Telephone: (281) 532-5529
    Facsimile: (281)402-3534
    *ATTORNEY FOR PLAINTIFF*
    *PEDRO CABRERA*